IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
CASE No. _____Civ_____

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 NOV 17  AM 10: 04

CLERK _____
SO. DIST. OF GA.

Stenneth Barnett, )
    Plaintiff, )
)
vs. )
)
GEO GROUP, INC., )
Dwight Sims, (Warden of )
Big Spring C.I.) )
    Individually, )
and Marcus Fernandez (SIS for, )
Big Spring C.I. )
    Individually, )
    Defendants. )
)
)
_____/

CV315-098

COMPLAINT AND DEMAND FOR JURY TRIAL
PURSUANT TO 28 U.S.C. §§ 1331, 1332
and 42 U.S.C. §§1983 and 1988

    This is a civil action on behalf of Plaintiff, STENNETH BARNETT, proceeding in propia persona, whose constitutional rights were violated when Defendants, DWIGHT SIMS and MARCUS FERNANDEZ, agreed and thereby confederated to have DEA agents Derrick Lopez and Michael Ferry interrogated him without the benefit of a counsel; destroyed or withheld exculpatory evidence favorable to his defense; and allowed the use of fabricated evidence for purpose of a criminal complaint against him, resulting in a criminal conviction, in violation of his Fourth, Fifth, Sixth and Fourteenth Amendments rights under the United States Constitution. Consequentially, Plaintiff, STENNETH BARNETT, suffered the loss of liberty and enjoyment of life, all

-1-

in violation of 42 U.S.C. § 1983.

This action for monetary damage is brought pursuant to 28 U.S.C. §§ 1331, 1332; 42 U.S.C. §§ 1983, 1988(a); and the United States Constitution against Defendants, DWIGHT SIMS and MARCUS FERNANDEZ, who subjected Plaintiff, STENNETH BARNETT, to false accusation, malicious prosecution and conviction in violation of his constitutional rights.

## JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteeth Amendments to the United States Constitution.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1332, and 1343. Venue is proper in this district, under 28 U.S.C. § 90(c)(2), by virtue of the fact PLAINTIFF, STENNETH BARNETT, is a resident of Telfair County, on account of his physical detention in McRae Correctional Facility in Telfair County, Georgia. The statutory requirement regarding exhaustion of administrative remedy would be useless and futile at this junction.

## PARTIES

At all times relevant to this complaint the Plaintiff, STENNETH BARNETT, was an adult male formally detained at Big Spring Correctional Institution, a private, for-profit correctional complex owned by GEO GROUP, INC., under contract with the Federal Bureau of Prisons and the Department of Homeland

Security, in Big Spring, Texas.

Defendant, DWIGHT SIMS, an amployee of GEO GROUP and the Federal Government by way of contract, was at all times relevant to this Complaint duly appointed and qualified as Warden of Big Spring Correctional Complex, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the Federal Government and the State of Texas. Defendant, DWIGHT SIMS, is sued in his individual and official capacity.

Defendant, MARCUS FERNANDEZ, an employee of GEO GROUP and the Federal Government by way of contract, was at all times relevant to this Complaint duly appointed, qualified and acting as Special Investigative Supervisor (SIS) for Big Spring Correctional Facility (Big Spring, Texas), acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the United States and the State of Texas. Defendant, MARCUS FERNANDEZ, is sued in his individual and official capacity.

Defendant's employer, GEO GROUP INC., at all times relevant to this Complaint, was and still is a corporation incorporated under the laws of the United States, authorized to conduct business internationally, with headquarters in Florida, conferred power to sue and be sued. GEO GROUP, INC., offers contractual correctional facilities to both the Federal Government (FBOP and ICE) and States' correctional departments and regularly engaged in maintaining detention and correctional facilities for immigration detainees and criminal offenders. Defendant, GEO GROUP INC., is not a citizen of the state in which the action is

brought.

Each and all of the acts of the Defendants, DWIGHT SIMS and MARCUS FERNANDEZ, involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Texas (Glasscock County), under the color of law and by virtue of their authority as penal officers for the United States and the State of Texas. At all times, Defendants were engaged in conduct that was the direct and proximate cause of the violations of Plaintiff, STENNETH BARNETT's, federally protected rights and state law rights, as more particularized herein.

## STATEMENTS OF FACTS

Plaintiff, STENNETH BARNETT, was designated to Big Spring Correctional Institution by the Federal Bureau of Prisons (FBOP) for correctional/detention purposes. On August 27, 2013, the Plaintiff, STENNETH BARNETTE, was taken into the facility's SIS Office by Defendants, MARCUS FERNANDEZ, an employee of GEO GROUP, INC., working under the supervision of Warden Dwight Sims, for a video taped inquiry. Upon entering the office, Defendant MARCUS FERNANDEZ informed him about a quantity of drugs that was seized by the DEA agents from the regional DEA office, represented by Agents Michael Ferry and Derrick Lopez. Agents Michael Ferry and Derrick Lopez, allegedly, had information that he (STENNETH BARNETT) was involved or was made privy to information concerning the drug's destination. Plaintiff's responded in the negative, dismissively rejected the accusation and stated he knew nothing

-4-

about such undertaking. Plaintiff also stated he would answer no further question until his lawyer is contacted. Defendant, MARCUS FERNANDEZ, assured him that he (Stenneth Barnett), by policy, was under the protection of the facility (Warden), he (MARCUS FERNANDEZ) was there on Plaintiff's behalf; fulfilling the duty of an attorney, and assured him everything is being recorded for his protection. There were recording devices and camera in the room strictly for that purpose.

Plaintiff, STANNETH BARNETT, proceeded with the meeting under the auspices and protections of the U.S. Constitution. He was, once more, questioned about an ongoing entreprise to ship drugs to Boston, organized by inmates in the facility. He denied having anything to do or made privy to anything information concerning shipment of drugs to Boston.

Nevertheless, charges were brought against Plaintiff by DEA agents, MICHAEL FERRY and DERRICK LOPEZ, from fabricated and falsified statements, contrary to the contents of the records, for purposes of an indictment/charging information and eventually a wrongfully obtained conviction. Plaintiff's attorney was directed to file subpoenas with the intent to obtain all documents, communications, records, tapes, recording, text messages and e-mails relating to the charges, because therein exists highly probative and favorable exculpatory evidence to his defense. The government denied the existence of any such records. In one instance, Defendant, MARCUS FERNANDEZ (SIS), indicated there were no such recordings in the facility's system or files, including phone calls made from the prison, in complete disregard for and in contradiction to prison's rules

and policies.

Beside the monetary request involved in this civil action for malicious prosecution illegal withholding of exculpatory evidence, Plaintiff, STANNETH BARNETT, is suing for the exculpatory evidence suppressed or withheld by DEA agents Michael Ferry, Derricl Lopez, Defendants, DWIGHT SIMS, MARCUS FERNANDEZ, and GEO GROUP. It was a deliberate decision on the part of Defendants to have withheld, failed to preserve, or fail to turn over the recordings containing actual statements made by Plaintiff during the August 27, 2013 meeting with the DEA agents in Defendant, MARCUS FERNANDEZ' (SIS) office, with matter-of-fact exculpatory information.

In this case, DEA agents, Michael Ferry and Derrick Lopez, were granted imunity to fabricate evidence and misled the U.S. District Judge sitting in the Northern District of Texas, and secure a criminal conviction, based on penal officers who refused to turn over exculpatory evidence favorable to Plaintiff that was in their possession.

The Due Process Clause protects against deprivation of life, liberty, or property without the due process of law. That due process right has both a procedural and a substantive component. Both these legitimate safeguard components under the United States Constitution were violate by Defendants.

As a direct and proximate cause of he joint actions of Defendants, DWIGHT SIMS, MARCUS FERNANDEZ, Plaintiff, STANNETH BARNETT, suffered the following injuries and damages:

> Violation of his constitutional rights under the Fourth
> Amendment for illegal interrogation;

Violation of his constitutional right under the Fifth Amendment's against Self-Incrimination;

Violation of his constitutional right under the Sixth Amendment's Assistance of Councel in a Fourth Amendment setting;

Violation of his constitutional right under the Sixth Amendment's Compulsory Process Clause (evidence); and

Lost of liberty and the enjoyment of life resulted therefrom.

The actions of Defendants, DWIGHT SIMS and MARCUS FERNANDEZ, employees of GEO GROUP, INC., subjected Plaintiff, STENNETH BARNETT, to malicious prosecution, violated Plaintiff, STANNETH BARNETT's, clearly established and well-settled federal constitutional rights, of which reasonable and prudent penal officials acting under color of Federal and State laws would have known.

## COUNT I
## 42 U.S.C. §1983-MALICIOUS PROSECUTION/ARREST

Plaintiff, STANNETH BARNETT, alleges and incorporates by reference the allegations contained in section entitled "STATEMENTS OF FACTS" above, and further alleges:

Plaintiff, STANNETH BARNETT, was unlawfully charged and prosecuted through the intentional use of fabricated facts, statements, documents, and media, when Defendant, MARCUS FERNANDEZ, posed as and impersonated a Sixth Amendment lawyer and allowed DEA agents, DERRICK LOPEZ, and MICHAEL FERRY, to probe and harassed Petitioner for incriminating evidence, in violation of his Fourth, Fifth, and Sixth Amendments rights, and implicating 18 U.S.C. §§241, 1512, et seq. The violations caused Plaintiff, STANNETH BARNETT's, the lost of his liberty and enjoyment of life.

## COUNT II
## 42 U.S.C. § 1983 - DELIBERATE WITHHOLDING OF EXCULPATORY EVIDENCE

Constitution.

Defendants, DWIGHT SIMS (Warden), MARCUS FERNANDEZ (SIS), and GEO GROUP, individually and collectively, egregiously failed to provide adequate regulatory protective measures or failed to follow regulatory penal policies by (a) placing Plaintiff at the mercy of aggressive and malicious law enforcement agents and (b) failed to exercise ordinary care to provide the video recording of the August 27 meeting for his defense; and (c) these failures violated his constitutional rights and are clearly and unequivocally responsible for his criminal conviction.

## CONCLUSION

WHEREFORE, Plaintiff, STENNETH BARNETT, respectfully prays that this Honorable Court issue order permitting this action to proceed and to grant punitive damages to Plaintiff in the sum of 4 million dollars and or direct the Defendants, DWIGHT SIMS, MARCUS FERNANDEZ, and GEO GROUP, te release and turn over the all necessary media containing phone conversations, text messages, e-mail, video and tape recording etc., pertaining to his criminal case for his defense. He prays that this Honorable Court provide any other relief that it may deem just and proper under the premises.

Respectfully submitted,

*S. Barnett*
Stenneth Barnett, pro-se
Reg. # 77146-004
P.O. Drawer 55030
McRae-Helena, GA 31055



McRAE CORRECTIONAL FACILITY
Mcrae, Georgia 31055

The enclosed letter was processed through mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises question or problem over which this facility has jurisdiction you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return this enclosure to the above adress.

Date 11/13/15   Staff _____