ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 DEC -4 AM 10: 35

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| STENNETH BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-098 |
| ) | |
| GEO GROUP, INC.; ) | |
| DWIGHT SIMS, Warden of Big Spring C.I., ) | |
| individually; and MARCUS FERNANDEZ, ) | |
| SIS for, Big Spring C.I., individually, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, an inmate at McRae Correctional Institution in McRae, Georgia, filed the above-captioned case in the Dublin Division of this Court even though all of the named defendants are located in Big Spring, Texas, and all of the events in Plaintiff's complaint are alleged to have occurred in Big Spring, Texas. (See doc no. 1, pp. 2-8.) Because Big Spring is situated in Howard County in the Northern District of Texas, the proper venue for this action is the Abilene Division of the Northern District of Texas, not the Southern District of Georgia. 28 U.S.C. § 1391(b).

In the interest of justice, instead of dismissing this action, the Court may transfer the case to the court in which venue would be proper. 28 U.S.C. § 1406(a); see Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962). Because it appears that the case should have been filed in the Northern District of Texas, transfer to that District is appropriate.

Therefore, the Court hereby **ORDERS** that the above-captioned case be **TRANSFERRED** to the United States District Court for the Northern District of Texas, Abilene Division, for further consideration. The Court **DIRECTS** the Clerk to forward the file to that district.

SO ORDERED this ____ day of December, 2015, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE