IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| STENNETH BARNETT, <br> ID No. 77146-004, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. <br> 1:15-CV-224-BL |
| GEO GROUP, Inc., *et al.*, | ) <br> ) | |
| Defendants. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case was reassigned to the United States Magistrate Judge under Second Amended Special Order No. 3-301. Although Plaintiff was informed of the right to consent to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c), he has chosen to not consent, and therefore the undersigned magistrate judge enters this report and recommendation under the authority of 28 U.S.C. 636(b). Based on the relevant filings and applicable law, all claims stated in the original complaint, as supplemented by the more definite statement, should be **DISMISSED** with prejudice as stated in the balance of this report and recommendation. After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

## I. BACKGROUND/PLEADINGS

Plaintiff Stenneth Barnett, now an inmate in the Bureau of Prisons McRae Correctional Facility, acting *pro se*, filed a typed complaint, complaining of events that took place while he was housed in the GEO Group Big Spring Correctional Center. Complaint (doc. 1, at 2-3.) He names as defendants the GEO Group Inc., and two individual defendants at the GEO Group operated Big

Spring Correctional Center ("BSCC"): Dwight Sims, Warden; and Marcus Fernandez, Special Investigative Supervisor (SIS). (Doc. 1, at 3-4.) In response to the Court's order for a him to answer specific questions about the allegations in the complaint, Plaintiff filed a more definite statement (MDS). (Doc. 14.)

In these pleadings, Plaintiff complains that while he was housed at BSCC in August 2013, he was required by SIS Officer Marcus Hernandez to provide a videotaped statement at the direction and upon questioning of Drug Enforcement Agents (DEA) Michael Ferry and Derrick Lopez. (Doc. 1, at 4.) The DEA agents inquired of Barnett as to whether he had any information about a quantity of drugs to be distributed to Boston. Barnett initially would answer not answer the questions, but upon assurance by Fernandez that he was being questioned pursuant to policy, and that Fernandez was fulfilling the role of counsel on Barnett's behalf, Barnett proceeded to provide answers to additional questions from the DEA agents. *Id.* at 5. Barnett alleges that even though he denied any involvement or information regarding a shipment of drugs to Boston, he was subsequently indicted, charged, and was the victim of a "wrongfully obtained conviction." *Id.* Plaintiff alleges that during his subsequent prosecution, in response to his counsel's efforts to obtain recordings of the DEA interview with him, the government denied any existence of such recordings. *Id.* Plaintiff writes that he was thereby denied access to exculpatory evidence. *Id.* at 5. In the complaint, Plaintiff also alleges that he was subjected to an illegal interrogation in violation of the Fourth Amendment, subjected to self-incrimination in violation of the his rights under the Fifth Amendment, and received ineffective assistance of counsel in violation of the Sixth Amendment. *Id.* at 6-7. He seeks to obtain "punitive damages to Plaintiff in the sum of 4 million dollars," along with an order directing that the defendants "turn over . . . all necessary media containing phone conversations, text messages, e-mail,

2

video and tape recording etc., pertaining to his criminal case for his defense." *Id.* at 8.

In response to the Court's questions in the Order for a more definite statement, Plaintiff Barnett acknowledged that the August 2013 "interrogation" at BSCC was taken related to a criminal investigation which led to charges filed against him in the United States District Court for the Eastern District of Texas in case number 4:13-CR-156-MAC-CAN-3, and his eventual conviction and 108 months' sentence of imprisonment. More Definite Statement (MDS) (doc.14, at 3.) Plaintiff again contends that the complained of interrogation led to his conviction and sentence. *Id.,* at 4. He clarified that in addition to his request for monetary damages, he seeks through this case "relief from the conviction obtained through the stated constitutional violations either by reducing the sentence for an early release, or entirely reverse[] the conviction." *Id.* at 6.

## II. PRELIMINARY SCREENING UNDER 28 U.S.C. §§ 1915A and 1915(e)(2)(B)

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it

describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS

#### A. No Liability for GEO Group or its Employees

In the complaint, Plaintiff seeks relief for the alleged violation of his constitutional rights under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of state law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Section 1983, however, only provides a federal cause of action for damages against defendants acting under color of state law. *E.g., Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). BSCC is a private prison facility currently operated by the GEO Group Inc. ("GEO"). As employees of GEO, the named individual defendants are not state actors. Because there is no conduct that could reasonably be attributed to a state actor, Plaintiff Barnett fails to allege an essential element of a § 1983 claim. Courts liberally construe pro se complaints, thus, when a federal prisoner alleges constitutional violations, courts have consistently construed the actions as brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389-98 (1971). In the *Bivens* case, the Supreme Court recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law.

403 U.S. at 297. *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"),*overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

But, although Barnett was a federal prisoner, he complains of events that took place in a private prison and asserts claims against individual employees of a private prison. Unlike § 1983 claims, there is not a common law "state action" equivalent for claims brought pursuant to *Bivens*. In fact, the United States Supreme Court has repeatedly refused to extend liability under *Bivens* except in limited situations as recently reaffirmed in *Ziglar v. Abbasi, et al.,* 137 S. Ct. 1843, 1861-64 (2017) (holding that *Bivens* should not be extended to claims challenging detention policy in the aftermath of the September 11 attacks and analyzing other situations where the Court has refused to extend *Bivens*). In this regard, as noted, Plaintiff names as a defendant GEO and seeks to hold GEO liable for alleged violation of his constitutional rights. The GEO Group, Inc. is a private company that operates numerous prison facilities throughout the United States. *See* http://www.geogroup.com/locations (last visited Aug. 10, 2017). But the Supreme Court has expressly declined to extend *Bivens* liability to private corporations. *See Correctional Serv. Corp. V. Malesko,* 534 U.S. 61, 67-74 (2001) (holding that a *Bivens* claim is not available against a private corporation operating under a contract with the federal government). Thus, Plaintiff Barnett does not have a *Bivens* remedy against GEO. *See generally Villasenor v. GEO Group, Inc., et al.,* No.14-CV-2164-BNB, 2014 WL 5293444, at *2 (D. Co. Oct. 16, 2014) (holding that inmate in detention center operated by GEO Group does not have a *Bivens* remedy against GEO Group, Inc.).

5

Furthermore, the Supreme Court has also refused to extend *Bivens* liability to allow federal prisoners to sue the employees of a private prison. *See Minneci v. Pollard,* 565 U.S. 118, 125-130 (2012). In that case, a federal prisoner confined at a private prison sought to assert an Eighth Amendment claim of deliberate indifference to his serious medical needs against individual employees of the prison. *Id.* at 121. The Court held that *Bivens* liability would not be extended to the employees of private facilities where an adequate remedy exists under state law. *Id.,* at 123-131; *see also United States v. Fears,* No.02-379-2 (JDR), 2014 WL 4669592, at * 1 (D.C. Sep. 19, 2014) (noting that private prisons and their employees - - unlike officers at prisons run by the BOP - - are generally not proper defendants for *Bivens* actions alleging constitutional violations ) (citations to *Malesko* and *Minneci* omitted); *see also Villasenor,* 2014 WL 5293444, at *2 (citing *Minneci* to hold that as Plaintiff's claims for lack of medical care could also be brought under state tort law, his claims against individual GEO prison employee was precluded). In sum, because GEO BSCC is a private prison facility, no *Bivens* action is available against either that prison or its employees, and thus all claims must be dismissed for failure to state a claim upon which relief may be granted. *See Rodriguez v. Dalby Correctional Facility, et al.,* 552 F. App'x 382, 383 (5th Cir. 2014) (affirming district court's dismissal under §§ 1915A and 1915(e)(2)(B) of claims brought under § 1983 by inmate at private prison and rejecting any argument that he could sue such individuals as "agents" of the Bureau of Prisons) (citing *Minneci,* 132 S. Ct. at 623-24, 626, and *Malesko,* 534 U.S. at 72.)

**B.     Application of *Heck v. Humphrey***

Alternatively, the Court should find that Plaintiff's claims as asserted in this case are not cognizable at this time. Plaintiff is seeking relief from this Court against the alleged wrongful interrogation of him, the alleged failure to produce exculpatory evidence, and alleged malicious

prosecution of him, related to his conviction in the United States District Court for the Eastern District of Texas.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 F. App'x. 321, 323 (5th Cir. June 14, 2004) (citations omitted).

As Plaintiff acknowledged in his more definite statement, he was convicted in the United States District Court for the Eastern District of Texas in cause number 4:13-CR-0156-MAC-CAN-3 of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin; 500 grams or more of cocaine; and/or less that 50 kilograms of marijuana in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B), and sentenced to a term of 108 months' imprisonment. *See United States v. Barnett*, No.4:13-CR-0156-003 (E.D. Tex. July 7, 2015 Judgment).[1] As noted above, Plaintiff seeks relief in this case that includes "relief from the conviction obtained through the stated constitutional violations either by reducing the sentence for an early release, or entirely reverse[] the conviction."

---

[1] The Court takes judicial notice of the records of the United States District Court for the Eastern District of Texas in *United States v. Barnett*, No.4:13-CR-0156-MAC-CAN-3. *See* Fed R. Evid. 201(b)(2) and (c)(1).

MDS (doc. 14. at 6.) A ruling in favor of Plaintiff's multiple claims that the individual defendants subjected him to an illegal interrogation, that the prosecution withheld exculpatory evidence, that he received ineffective assistance of counsel, and that he was the subject of malicious prosecution, would necessarily imply the invalidity of his conviction. *See Williams v. City of Dallas Police Dept.*, No. 3-09-CV-275-P, 2009 WL 812239, at *3 (N.D. Tex. March 26, 2009) (reciting numerous challenges pursued in civil rights claim that would imply the invalidity of a pending criminal case and therefore barred under the *Heck* doctrine). Plaintiff is therefore precluded from bringing all such claims in a civil rights action unless the conviction has been set aside. *See, e.g. Conlan v. King, et al.*, 682 F. App'x 345 (5th Cir. 2017) (claims of false arrest, forced self-incrimination, and illegal seizure of evidence barred by *Heck*); *Toombs v. Massingill, et al.*, 583 F. App'x 359, 359-60 (5th Cir. 2014) (claims that defendants conspired to withhold and destroy potential exculpatory evidence barred by *Heck*); *Villegas v. Galloway, et al.*, 458 F. App'x 334, 337 (5th Cir. 2012) (civil rights claims such as ineffective assistance of counsel, use of perjured testimony and fabricated evidence, and suppression of favorable evidence are barred by *Heck*); *Castellano v. Fragozo*, 352 F.3d 939, 959–60 (5th Cir.2003) (claims of manufactured evidence and perjured testimony do not accrue until state court dismisses underlying criminal action); *Albarado v. City of Abilene, et al.*, No.1:15-CV-220-P(BL), 2016 WL 1583772 (N.D. Tex. March 18, 2016) (claims that detective engaged in illegal interrogation, that prosecutor withheld reports, and that police, prosecutor, and judge engaged in conspiracy barred by *Heck*), *rep. and rec. adopted*, 2016 WL 1572612 (N.D. Tex. April 19, 2016); *Tyler v. Cedar Hill Ind. School Dist.,et al.*, No.3:09-CV-2469-G, 2010 WL 1233455, at *2 (N.D. Tex. March 3, 2010) (claims of illegal search, false imprisonment, unlawful arrest and wrongful interrogation are barred by the rule in *Heck*), *rep. and rec. adopted,* 2010 WL 1233458 (N.D. Tex.

March 29, 2010); *Berry v. Grett*, No. 3–08–CV–1052–M, 2008 WL 3382572 at *3 (N.D. Tex. Aug. 4, 2008) (civil rights claims of false arrest, ineffective assistance of counsel, that prosecutor withheld favorable evidence, and that judge was biased, all barred by *Heck*).

Because *Heck v. Humphrey* applies to Plaintiff's claims, in order to proceed with this civil rights case, he must demonstrate that his allegedly improper conviction has been reversed, invalidated, or expunged prior to bringing these civil claims for violation of his constitutional rights. A review of the docket of the criminal case *United States v. Barnett,* No. 4:13-CR-0156-MAC-CAN shows that after the entry of Stenneth Barnett's July 2015 judgment of conviction, he did not file a direct appeal, and he has not filed a motion for relief under 28 U.S.C. § 2255.[2] Thus, Barnett has not shown that he has obtained relief against his conviction. Because Plaintiff has failed to make a showing that his conviction has been set aside in the manner listed in *Heck v. Humphrey,* his civil rights claims are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994).

## IV. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that all Plaintiff's claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), and alternatively, all Plaintiff's claims are **DISMISSED** with prejudice to their being asserted again until the *Heck v. Humphrey* conditions are met, pursuant to 28 U.S.C. §

---

[2] *See supra* note 1.

1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).³

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

Signed August 10, 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

---

³*See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).